IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CHAMBERS
U.S.D.C. Atlanta

DEC 2 0 2010

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

CLOYS HAYNES, et al.,

    Plaintiffs,

v.

CYBERTRONICS, INC.,

    Defendant.

CIVIL ACTION NO.

1:09-CV-2700-JEC

## ORDER

The above entitled action is presently before the Court on plaintiffs' Request for Leave to Voluntarily Dismiss without Prejudice and Stay Discovery, or in the alternative, Extend Discovery [21].[1] Defendant has filed an objection [24] to plaintiff's efforts to dismiss this case without prejudice.

The history of the case is as follows. Plaintiff[2] initially filed a complaint [1] alleging various state law causes of action as a result of injuries that he suffered allegedly as a result of use of a medical device manufactured by the defendant. According to

---

[1] Defendant has also filed a Motion for Summary Judgment [23], but plaintiff has not yet responded to that motion.

[2] Plaintiff Cloy Haynes is the injured party. He has joined as a co-plaintiff, his wife, Darlene Haynes. For simplicity's sake, the Court has referred to the plaintiff in the singular.

defendant, and not disputed by the plaintiff, the former indicated to the plaintiff that it would be filing a motion for summary judgment, in advance of any discovery, on the ground that plaintiff's state law claims were preempted by federal law. See defendant's Objections to plaintiff's Motion to Dismiss [24] at 5.   In response, plaintiff indicated that he would be amending his complaint to add a manufacturing defect claim, which claim apparently would not be preempted by federal law. *Id.* at 5-6.   Accordingly, defendant did not file a motion for summary judgment in order to allow discovery to proceed. *Id.*   Plaintiff, without opposition, moved to amend the complaint, which motion was granted. ([8,9,10]).   In addition, the Court granted the parties' joint request to extend discovery for six months, thereby permitting an 8-month period of discovery, to expire on August 31, 2010. ([7]).

Four days before discovery was set to expire, on August 27, 2010, the plaintiff moved to dismiss without prejudice or, alternatively, to receive an additional 90 days for discovery [21]. Defendant filed its motion for summary judgment [23] on September 13, 2010, within the required time period for such a motion.

According to defendant, and not disputed by the plaintiff, the plaintiff refused to cooperate in the testing of the device at issue. ([24] at 4-5).   The plaintiff did not appear at his own properly-noticed deposition. ([24] at 5).   Likewise, plaintiff never retained

2

an expert to establish the existence of a manufacturing defect or causation, even though the Court had provided an extended 8-month period for discovery. *Id.* Defendant contends, and plaintiff does not disagree, that, without an expert, plaintiff will be unable to withstand a motion for summary judgment. (Defendant's Motion for Summary Judgment [23] at 18-25). Accordingly, defendant argues, without dispute from the plaintiff, that the plaintiff's need to dismiss the case arises from the plaintiff's failure to disclose an expert during the 8-month discovery period.

On his side, plaintiff argues that, applying the equitable principles typically invoked in these scenarios, the Court should permit voluntary dismissal. Alternatively, plaintiff argues that more discovery remains to be accomplished and hence, at the least, the Court should permit extended discovery. See generally plaintiffs' Reply Brief [25].

The Court concludes that voluntary dismissal is generally inappropriate as a substitute for a motion to extend discovery. Instead, the question is whether any such motion to extend discovery should be granted. Here, the Court concludes that an extension is unwarranted. The plaintiff did not cooperate in the testing of the device at issue. The plaintiff did not appear at his own properly-noticed deposition. The plaintiff did not retain an expert, even though it was clear that an expert was essential to make his case and

3

even though the Court had earlier granted an extended 8-month period of discovery.  In effect, the plaintiff did not prosecute his case.

Further, plaintiff has been vague as to how extension of the ongoing discovery would advance the proceedings, as plaintiff does not indicate how any unfinished discovery would affect a ruling on defendant's pending motion for summary judgment.  Clearly, plaintiff's cause would be advanced by the disclosure of an expert, were discovery to be reopened, but plaintiff has shown no reason why plaintiff could not have obtained an expert within the extended period of time.  Further, disclosure of an expert now, with the concomitant requirement that the defendant disclose an expert, would trigger a greatly extended period for expert discovery.

In short, the plaintiff has failed to show cause to extend discovery and has not persuaded the Court that dismissal without prejudice would be equitable, given the amount of work the defendant has already expended and the relative paucity of pertinent effort expended by the plaintiff.

Therefore, the Court **DENIES** plaintiffs' Motion To Dismiss Without Prejudice or, Alternatively, Motion for Extension of Discovery [21].  Plaintiff shall respond to the defendant's Motion for Summary Judgment [23] by **January 28, 2011.**

4

SO ORDERED, this ___20___ day of DECEMBER, 2010.

_____
JULIE E. CARNES
CHIEF U.S. DISTRICT JUDGE